Daniel C. Green
Racine Olson Nye & Budge, Chartered
PO Box 1391
Pocatello, Idaho 83204
ID ISB No. 3213
Fax: 208-232-6109
dan@racinelaw.net
Tel: 208-232-6101

Attorneys for Plaintiff
J & J Sports Productions, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| J & J Sports Productions, Inc, <br><br> Plaintiff, <br><br> vs. <br><br> Jacob Eck, individually and Sons of Thunder Academy – Idaho, Inc., an Idaho corporation, dba Sons of Thunder Academy, <br><br> Defendants. | Case No.: <br><br> COMPLAINT |

COMES NOW Plaintiff, J & J Sports Productions, Inc. and for its cause of action against the above named Defendants states and alleges as follows:

**JURISDICTION**

1. Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.*, and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S. Section 553, *et seq.*

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the District Courts shall have original jurisdiction of all civil

actions arising under the Constitution, laws, or treaties, of the United States. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

3. This Court has personal jurisdiction over the parties in this action as a result of the Defendant's wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight *Program* hereinafter set forth at length. The Defendant's wrongful acts consisted of the interception, reception, publication, divulgence, display, exhibition, and tortious conversion of said property of Plaintiff within the control of the Plaintiff in the State of Idaho.

## VENUE

4. Pursuant to Title 47 U.S.C. Section 605, venue is proper in the District of Idaho because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

5. Plaintiff, J & J Sports Productions, Inc. is, and at all relevant times mentioned was, a California Corporation with its principal place of business located at 950 South Bascom Avenue, Suite 3010, San Jose, California 95128.

6. Plaintiff is informed and believes, Defendant Jacob Eck was an owner, and/or operator, and/ or licensee, and/or permittee, and/or person in charge, and/or shareholder and/or President, and/or an individual with dominion, control, oversight and management of the commercial establishment known as Sons of Thunder Academy – Idaho, Inc. an Idaho corporation dba Sons of Thunder Academy (hereafter "Sons of Thunder Academy") operating at 168 W Bridge Street, Blackfoot, Idaho 83221.

7. Plaintiff is informed and believes, and alleges thereon that on Saturday, May 2, 2015 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 12), Defendant Jacob Eck had the right and ability to supervise the activities of Sons of Thunder Academy, which included the unlawful interception of Plaintiff's *Program*.

8. Plaintiff is informed and believes, and alleges thereon that on Saturday, May 2, 2015 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 12), Jacob Eck, had the obligation to supervise the activities of Sons of Thunder Academy, which included the unlawful interception of Plaintiff's *Program*, and, among other responsibilities, had the obligation to ensure that Sons of Thunder Academy operated lawfully at all times.

9. Plaintiff is informed and believes, and alleges thereon that on Saturday, May 2, 2015 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 12), Defendant Jacob Eck, specifically directed or permitted the employees, officers or shareholders of Sons of Thunder Academy to unlawfully intercept and broadcast Plaintiff's *Program* at Sons of Thunder Academy, or intentionally intercepted, and/ or published the *Program* at Sons of Thunder Academy himself. The actions of the employees, officers and/or shareholders of Sons of Thunder Academy are directly imputable to Defendant Jacob Eck, by virtue of his acknowledged responsibility for the operation of Sons of Thunder Academy.

10. Plaintiff is informed and believes, and alleges thereon that the unlawful broadcast of Plaintiff's *Program*, as supervised and/or authorized by Defendant Jacob Eck, resulted in increased profits for Sons of Thunder Academy.

## COUNT I

### (Violation of Title 47 U.S.C. Section 605)

11. Plaintiff J & J Sports Productions, Inc., hereby incorporates by reference all of the allegations contained in paragraphs 1-10, inclusive, as though set forth herein at length.

12. Pursuant to contract, Plaintiff J & J Sports Productions, Inc., was granted the exclusive nationwide commercial distribution (closed-circuit) rights to *"The Fight of the Century" Floyd Mayweather Jr. v. Manny Pacquiao Championship Fight,* telecast nationwide on Saturday, May 2, 2015 (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "*Program*").

13. Pursuant to contract, Plaintiff J & J Sports Productions, Inc., entered into subsequent sublicensing agreements with various commercial entities throughout North America, including

entities within the State of Idaho, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the *Program* within their respective commercial establishments in the hospitality industry (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

14.   As a commercial distributor and licensor of sporting events, including the *Program*, Plaintiff J & J Sports Production, Inc., expended substantial monies marketing, advertising, promoting, administering, and transmitting the *Program* to its customers, the aforementioned commercial entities.

15.   With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, the above named Defendants, either through direct action or through actions of employees or agents directly imputable to Defendant (as outlined in paragraphs 6-10 above), did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission at Defendants' commercial establishment in Blackfoot, Idaho located at 168 West Bridge Street, Blackfoot, Idaho 83221.

16.   Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by the Defendants was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

17.   Title 47 U.S.C. Section 605, *et seq.*, prohibits the unauthorized publication or use of communications (such as the transmission of the *Program* for which Plaintiff J & J Sports Productions, Inc., had the distribution rights thereto).

18.   By reason of the aforesaid mentioned conduct, the Defendants violated Title 47 U.S.C. Section 605, *et seq.*

19.   By reason of the Defendants' violation of Title 47 U.S.C. Section 605, *et seq.*, Plaintiff J & J Sports Production, Inc., has the private right of action pursuant to Title 47 U.S.C. Section 605.

20.   As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section

605, and pursuant to said Section 605, Plaintiff J & J Sports Productions, Inc., is entitled to the following from each Defendant:

    (a)    Statutory damages for each violation of in an amount to $10,000 pursuant to Title 47 U.S.C. Section 605(e)(3)(C)(i)(II); and also

    (b)    Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii), and also

    (c)    the recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

### COUNT II
### (Violation of Title 47 U.S.C. Section 553)

21. Plaintiff's hereby incorporates by reference all of the allegations contained in paragraphs 1-20, inclusive, as though set forth herein at length.

22. The unauthorized interceptions, reception, publication, divulgence, display, and/or exhibition of the *Program* by the above named Defendants was prohibited by Title 47 U.S.C. Section 553, *et seq.*

23. By reason of the aforesaid mentioned conduct, the aforementioned Defendants, violated Title 47 U.S.C. Section 553, *et seq.*

24. By reason of the Defendants' violation of Title 47 U.S.C. Section 553, *et seq.*, Plaintiff J & J Sports Productions, Inc., has the private right of action pursuant to Title 47 U.S.C. Section 553.

25. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 553, Plaintiff J & J Sports Productions, Inc., is entitled to the following from each Defendant:

(a) Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii); and also

(b) Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(B); and also

(c) the recovery of full costs pursuant to Title 47 U.S.C. Section 553 (c)(2)(C); and also

(d) and in the Courts discretion, reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1. For statutory damages in the amount of $110,000.00 against the Defendants, and
2. For reasonable attorneys' fees as mandated by statute, and
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and
4. For such other and further relief as the Court may deem just and proper;

**As to the Second Count:**

1. For statutory damages in the amount of $60,000.00 against the Defendants, and;
2. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute, and;
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;
4. For such other and further relief as this Court may deem just and proper.

DATED this 27 day of April, 2018.

                        RACINE, OLSON, NYE &
                        BUDGE, CHARTERED

                        By: /s/ Daniel C. Green
                            DANIEL C. GREEN
                            Attorneys for Plaintiff
                            J & J Sports Productions, Inc.